UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRADLEY PAYTON HEFNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 3:21-CV-137 |
| | ) 3:18-CR-136 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is Bradley Payton Hefner's ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 114].[1] The United States has responded in opposition [Doc. 11], and Petitioner filed a reply [Doc. 12]. Petitioner also filed a motion for counsel [Doc. 4] and a motion to amend [Doc. 10]. For the reasons below, Petitioner's motion for counsel [Doc. 4] will be **DENIED**, his motion to amend [Doc. 10] will be **DENIED**, and his § 2255 motion [Doc. 1; Crim. Doc. 114] will be **DENIED**.

I.  BACKGROUND

In February 2019, Petitioner was charged in a two-count superseding indictment pertaining to being a felon in possession of a firearm and for receiving a firearm while under indictment for a felony. [Crim. Doc. 41]. Petitioner through counsel filed several

---

[1] Document numbers not otherwise specified refer to the civil docket.

pre-trial motions: a motion to dismiss the original indictment [Crim. Doc. 30], a motion to suppress [Crim. Doc. 32], a motion to dismiss the superseding indictment [Crim. Doc. 48], and a motion to compel the return of his telephone [Crim. Doc. 50]. Petitioner, through counsel, filed objections to every Report and Recommendations ("R&R"). *See* [Crim. Docs. 46 & 61]. On June 25, 2019, Petitioner entered into a plea agreement with the Government. [Crim. Doc. 65]. Petitioner agreed to plead guilty to Count 2 of the Superseding Indictment, receipt of a firearm by someone who was then under pending felony indictment in violation of 18 U.S.C. § 922(n). [*Id.*] The plea agreement was signed by Petitioner and attorney Mark E. Brown. In his plea agreement, Petitioner acknowledged that he was stopped on July 8, 2018, and a drug detection canine alerted to two burnt, rolled marijuana cigarettes in the console. Officers performed a search of the vehicle and discovered a firearm in the backseat purchased by Petitioner's mother on March 1, 2018. Petitioner further admitted that he was indicted on February 27, 2017, in Sevier County for aggravated assault, a Class C Felony, and was still under that indictment on July 8, 2019, when he received the firearm from his mother. [*Id.*].

The Court conducted a change of plea hearing on July 17, 2019. Although there is no transcript of that hearing in the record, the minutes from the hearing indicate that Petitioner was arraigned and specifically advised of his rights under Rule 11, that his motion to change plea to guilty was granted, that he waived the reading of the Superseding Indictment, that he pled guilty to Count 2 of the Superseding Indictment, that the Government moved to dismiss the remaining count at sentencing, that Petitioner was

2

Case 3:21-cv-00137-RLJ-DCP   Document 14   Filed 09/13/22   Page 2 of 11   PageID #: 48

referred for a Presentence Investigative Report ("PSR"), and that he was to remain in custody until his sentencing hearing. [Crim. Doc. 67].

The PSR was issued on October 17, 2019 [Crim. Doc. 69], and Petitioner, through counsel, filed an objection, objecting to the inclusion of paragraphs 18 and 60 because Petitioner denied ever having sold or used methamphetamine and had not been charged with doing so. [Crim. Doc. 71]. A revised PSR ("RPSR") was issued on November 8, 2019, removing the paragraphs and calculating a total offense level of 12 and a criminal history category of II, resulting in a guideline range of 12 to 18 months. [Crim. Doc. 76, ¶ 64]. The RPSR also noted that, the statutory maximum term of imprisonment was 10 years. [*Id*. at ¶ 63].

The Government filed a notice of no objections to the PSR. [Crim. Doc. 71]. The Government also filed a sentencing memorandum wherein it concurred with the guideline range calculation and requested a sentence of 18 months. [Crim. Doc. 74]. Petitioner, through counsel, filed a sentencing memorandum wherein he requested a sentence of time served for a total of 14 months' imprisonment. [Crim. Doc. 72].

On November 21, 2019, the Court sentenced Petitioner to a total of 18 months' imprisonment and then three years of supervised release. [Crim. Doc. 79]. Petitioner did not file a direct appeal, but on April 1, 2021, he filed this § 2255 motion.

II. **STANDARD OF REVIEW**

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose

3

the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

4

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner seems to raise four claims in this § 2255 motion: 1) ineffective assistance of counsel for failing to get evidence of an unlawful search and seizure suppressed, 2) prosecutorial misconduct for obtaining a superseding indictment after the state criminal case was dismissed, 3) that his gun rights were restored after his felony conviction in South Dakota, and 4) that his federal conviction is invalidated because his underlying state conviction was dismissed. [Doc. 1; Crim. Doc. 114]. Petitioner has also filed two non-dipositive motions, one for appointment of counsel [Doc. 4] and one to amend his § 2255 motion [Doc. 10], which are currently pending before this Court. The Court will first address Petitioner's § 2255 claims before addressing his non-dispositive motions.

### A. § 2255 Claims

As a preliminary matter, the Government asserts that Petitioner's motion is untimely as the one-year period of limitations applies to Petitioner's motion. [Doc. 11]. Under 28 U.S.C. § 2255, Petitioner's limitation period runs from the latest of four dates – 1) the date when the judgment of conviction is finalized, 2) the date an impediment by government action is removed if applicable, 3) the date the asserted right was initially recognized by the Supreme Court or the date when a newly recognized right is made retroactively applicable, and 4) the date when the facts surrounding the claim(s) could have been discovered through due diligence. Here, Petitioner does not assert a newly recognized right, nor does he assert any impediment by government action keeping him from timely filing this § 2255 motion. Therefore, the appropriate limitations date is the later date of when Petitioner's judgment became final or when the facts supporting the claim could have been discovered.

Petitioner's claims are based on facts surrounding Petitioner's suppression hearing, his prior convictions, and his criminal history points calculation. These are facts which could have been discovered prior to Petitioner's sentencing hearing in November 2019, through the exercise of due diligence. Petitioner's judgment became final December 5, 2019, when the time to file an appeal expired, and thus, as the latter of the two dates, is the date the Court will use in determining timeliness of the motion. As Petitioner filed the instant motion April 1, 2021, almost four months beyond the period of limitations provided in 28 U.S.C. § 2255(f)(1), his motion is untimely, absent the applicability of equitable tolling.

Equitable tolling "allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). The AEDPA limitations period may be subject to equitable tolling if the movant shows that (1) extraordinary circumstances beyond his control made timely filing of a federal habeas petition impossible and (2) the movant has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts," *Robertson*, 624 F.3d at 784, and the movant bears the burden of showing that equitable tolling is appropriate. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

To demonstrate that he is entitled to equitable tolling, Petitioner must establish that he has pursued his rights diligently and that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649. Petitioner asserts that he applied for relief before the statute of limitations expired via a letter to the Court and received a packet in the mail. [Crim. Doc. 86]. The Court notes that this letter was sent June 2020, giving Petitioner 6 months to file a § 2255 motion with the packet that was sent to him. Petitioner asserts that the dismissal of the underlying state criminal case occurred June 2020, which is the basis for the majority of Petitioner's claims, and still did not timely file the § 2255 motion packet sent to him by the Court.

Petitioner has not shown that any extraordinary circumstance existed or prevented him from timely raising the claims contained in his § 2255 motion or that he had been

7

pursuing his rights diligently. On the contrary, Petitioner was provided ample time and resources by the Court to prepare and file a § 2255 motion. Because Petitioner has not established he was unable to timely file his § 2255 motion to vacate due to extraordinary circumstances beyond his control, the Court need not address the diligence prong of the equitable tolling test.

Petitioner argues that "actual innocence" offers a gateway for him to obtain review of constitutional claims even after the statute of limitations has expired. A petitioner can substantiate a claim of actual innocence by showing that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Phillips v. United States*, 734 F.3d 573, 582 (6th Cir. 2013) (internal quotations omitted). Petitioner pled guilty in this case to receiving a firearm while he was then under pending felony indictment. [Crim. Doc. 65]. Whether Petitioner was subsequently convicted of the felony is not relevant to Petitioner's conviction as an individual under indictment. Petitioner has not cited to any evidence that he was not under felony indictment when he received the firearm, nor has he come close to establishing actual, factual innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). *See also Schlup v. Delo*, 513 U.S. 298, 324 (1995) (finding "claims of actual innocence are rarely successful"). Thus, Petitioner has not established grounds for equitable tolling.

Under the circumstances at hand, equitable tolling does not apply. Thus, Petitioner's claims [Doc. 1; Crim. Doc. 114] will be **DENIED** as time-barred. As such, the Court finds it unnecessary to address the merits of the allegations raised therein.

### B. *Non-Dispositive Motions*

Petitioner also filed two non-dispositive motions: 1) a motion to amend his § 2255 motion [Doc. 10], and 2) a motion to appoint counsel [Doc. 4].

First, Petitioner's motion to amend [Doc. 10] was filed June 1, 2021. As discussed above, Petitioner's original § 2255 motion is untimely. Thus, any amendment to the original motion, whether the amendment relates back or not, is also untimely. *See* 28 U.S.C. § 2255(f). Accordingly, Petitioner's motion to amend [Doc. 10] will also be **DENIED** as untimely.

Second, Petitioner filed a motion for appointed counsel [Doc. 4], requesting the Court appoint counsel because Petitioner "is not a lawyer and does not understand all the aspects of the law." There is no constitutional right to counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (observing that the "right to appointed counsel extends to the first appeal of right, and no further"); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (noting that the constitutional right to counsel does not extend to collateral proceedings). Even so, a district court has discretion, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." *See Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

As discussed in this memorandum opinion, Petitioner has adequately presented his claims to the Court without the benefit of counsel, and he has failed to offer any material

9

Case 3:21-cv-00137-RLJ-DCP   Document 14   Filed 09/13/22   Page 9 of 11   PageID #: 55

facts that would justify the appointment of counsel. Accordingly, his motion for counsel [Doc. 4] will be **DENIED**.

## IV. CONCLUSION

For the reasons above, Petitioner's motion for counsel [Doc. 4] will be **DENIED**, his motion to amend [Doc. 10] will be **DENIED**, and his § 2255 motion [Doc. 1; Crim. Doc. 114] will be **DENIED** and **DISMISSED**.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

Having examined Petitioner's claims under the *Slack* standard, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right and reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge